Russell G. Wheeler (Bar Roll No. 517881)
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York  12572
Tel - (845) 876-7500
Fax - (845) 876-7501
rwheeler@charnywheeler.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LISA JACOBS and BREANNA JACOBS,

Plaintiffs,

v.                                                      COMPLAINT

HUDSON VALLEY FAMILY PHYSICIANS,          Index No.  1:22-cv-01184 (GLS/CFH)
PLLC, AMIN ELASHKER, D.O., a/k/a AMEN
ELASHKER, D.O., in his individual capacity, and
FRANCESCA HILMI, D.O., in her individual
capacity,

Defendants.

Plaintiffs Lisa Jacobs and Breanna Jacobs, by and through their counsel Charny &

Wheeler P.C., bring this Complaint and in support thereof state as follows:

NATURE OF THE ACTION

1.        This is an action for damages and other relief brought: (i) under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (herein Title VII) against defendant Hudson

Valley Family Physicians, PLLC based upon its unlawful fostering and condoning of a sex-based

hostile work environment, quid pro quo sexual harassment, sex discrimination, and retaliation as

to plaintiff Lisa Jacobs and sex discrimination and retaliation as to plaintiff Breanna Jacobs; and

(ii) under the New York Human Rights Law, N.Y. Exec. L. §§ 290 et seq. (herein "NYSHRL")

against Defendant Hudson Valley Family Physicians, PLLC, as aided and abetted by defendants

Amin Elashker, D.O. a/k/a Amen Elashker, D.O., and Francesca Hilmi, D.O., based upon its

1

unlawful fostering and condoning of a sex-based hostile work environment, quid pro quo sexual harassment, sex discrimination, and retaliation as to plaintiff Lisa Jacobs and sex discrimination and retaliation as to plaintiff Breanna Jacobs.

<u>JURISDICTION AND VENUE</u>

2.      This Court has Federal question jurisdiction in that this action arises under Federal statute, 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over the State Law claims pursuant to 29 U.S.C. § 1367.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (2), venue is proper in this District in that: (1) Defendants operate a medical practice in Ulster County, New York, within the Northern District of New York and therefore reside within this District and, upon information and belief, defendants Amin Elashker, D.O. a/k/a Amen Elashker, D.O., and Francesca Hilmi, D.O. both individually reside in Ulster County, New York, within the Northern District of New York; and (2), a substantial part of the events and omissions, including the failure to pay proper wages, the creation of the contract at issue and the breach of the contract at issue, occurred in Ulster County, New York, within the Northern District of New York.

<u>PARTIES</u>

5.      Plaintiff Lisa Jacobs (herein "Lisa") is an adult female residing in Lake Katrine, Ulster County, New York and was employed by Defendant Hudson Valley Family Physicians, PLLC in various capacities from in or about September 2008 until in or about July 2021.

6.      Plaintiff Breanna Jacobs (herein "Breanna") is an adult female residing in Saugerties, Ulster County, New York and was employed by Defendant Hudson Valley Family Physicians, PLLC in various capacities from in or about May 2014 until in or about July 2021.

7.      Breanna is Lisa's daughter.

8.      Plaintiffs may join together in this action as plaintiffs in that multiple questions of fact and law will arise common to both.

9.      Defendant Hudson Valley Family Physicians, PLLC (herein "HVFP") is and at all times relevant herein was a professional limited liability corporation with business address on file with the New York Depart of State of 117 Mary's Avenue, Suite 101, Kingston, New York 12401.

10.      At all times relevant herein HVFP operated medical practices offices at 117 Mary's Avenue, Suite 101, Kingston, New York 12401 and at 1089 New York Highway 32, Kingston, New York 12401.

11.      At all times relevant herein, HVFP has employed more than fifteen individuals.

12.      Defendant Amin Elashker, D.O. a/k/a Amen Elashker, D.O. (herein "Elashker"), is and at all times relevant was an adult male physician of osteopathic medicine.  Upon information and belief, Elashker is known as both Amin Elashker and Amen Elashker.  At all times relevant herein, Elashker was and is one of HVFP's principals and co-owners and upon information and belief, resided and resides in Kingston, Ulster County, New York.

13.      Defendant Francesca Hilmi, D.O. (herein "Hilmi") is and at all relevant times was an adult female physician of osteopathic medicine.  At all times relevant herein, Hilmi was and is one of HVFP's principals and co-owners and upon information and belief, resided and resides in Kingston, Ulster County, New York.

14.      At all times relevant herein, Elashker and Hilmi were each authorized to and in fact did undertake tangible employment decisions affecting Plaintiffs in their employment by HVFP, including to hire, fire, promote and reassign Plaintiffs.  At all times relevant herein,

Elashker and Hilmi were each authorized and in fact did direct Plaintiffs' daily work activities for HVFP.

15.     Upon information and belief, Elashker and Hilmi were married to one another until in or about 2017.

FACTS

Lisa's Background with Defendants and Commencement of Employment with HVFP

16.     Beginning prior to her employment with HVFP and continuing thereafter, Lisa was a patient of Elashker through HVFP's practice and worked as a cleaner at Elashker and Hilmi's personal residence.

17.     In or about September 2008, Lisa began employment with HVFP as a Special Projects Worker.

Elashker Begins Sexually Harassing Lisa

18.     On one occasion shortly following her hire by HVFP, while cleaning Elashker and Hilmi's residence, Lisa telephoned Elashker to ask where he and Hilmi had left payment for her cleaning services.

19.     Elashker instructed her to wait for him to return home so that he could provide her payment.

20.     Upon his arrival, Elashker forcibly kissed Lisa on her mouth without warning and against her will.

21.     Lisa immediately pushed him away and fled the residence.

22.     Elashker thereafter tried to contact her by continually telephoning and messaging her that he apologized for his behavior.

23.     Following this incident, Elashker began making inappropriate comments of a sexual nature to Lisa while at HVFP's offices and facilities.

24.     Elashker also began advising Lisa that by tolerating his inappropriate sexual commentary, she would be able to advance and succeed in her employment with HVFP.

25.     In or about 2010, Elashker unexpectedly and without invitation showed up at a birthday celebration being held at a restaurant in Kingston, New York for an HVFP employee at which Lisa was in attendance.

26.     Elashker again forcibly kissed Lisa on her mouth against her will.

27.     When she objected and pushed him away, Elashker apologized, but insisted that the two of them were friends and that he "would take care of her."

<u>Lisa Attempts to Discourage Elashker's Sexual Harassment</u>

28.     Following this incident, Lisa began to distance herself and limit her contact with Elashker in attempt to discourage further physical advances and sexual commentary by him.

29.     In response, Defendant Elashkler confronted her at HVFP and asked, "Do we have a problem?  If so, we can end this right now," which she understood, and as any reasonable person in Lisa's position and context would have understood, to be a threat to terminate her employment if she refused to tolerate his unwanted physical and sexual conduct.

<u>Elashker Escalates His Sexual Harassment of Lisa</u>

30.     Following this incident, Elashker escalated his physical and sexual harassment of Lisa by arranging to be alone with her in confined spaces at HVFP such as elevators and examination rooms, as well as in vehicles when travelling in connection with HVFP business, where he would 'accidentally' touch her breasts and other parts of her body and request that she reciprocate in physical contact by hugging him.

31.     Elashker also began sending Lisa text messages containing inappropriate and unwanted sexual content, including propositions of and invitations to engage with him in sexual contact, photographs of his genitals and other exposed body parts, requests that she provide him photographs of her naked body or to show him her breasts, all interspersed with apologies for this behavior.

32.     Elashker also began leaving gifts of a sexual and romantic nature for Lisa in the desk drawer of her workspace at HVFP, including lingerie, perfume, and jewelry.

33.     Elashker, who continued to treat Lisa as a patient of HVFP, also subjected her to unwanted inappropriate sexual commentary and physical contact during medical appointments, which caused her to stop seeking or obtaining medical treatment.

34.     While she was horrified and disgusted by and attempted to resist and discourage his behavior, Lisa was cognizant of Elashker having previously conditioned her continued employment with HVFP on tolerating his behavior.  Accordingly, she refrained from outrightly directing him to stop or complaining to Hilmi or anyone else, lest he make good on his threat to terminate her employment.

<u>Breanna Begins Employment with HVFP</u>

35.     In or about May 2014, Breanna began employment as a Medical Records worker HVFP.

36.     Lisa had not previously advised her daughter about Elashker's harassment and mistreatment of her and in fact did not discuss the matter with her until after the termination of their employment with HVFP.

37.     Upon information and belief, at all relevant times, Elashker and Hilmi were both aware that Breanna was Lisa's daughter.

Hilmi Discover's Elashker's Sexual Harassment of Lisa

38.     Upon information and belief, in or about 2017, Defendants Elashker and HIlmi began a separation of marriage and commenced divorce proceedings.

39.     Upon information and belief, while in divorce proceedings with Defendant Elashker, Defendant Hilmi became aware of inappropriate photographs he had sent to a number of women, including Lisa.

40.     As a result of this discovery, Lisa became an unwitting participant in communications between Hilmi and Elashker concerning their separation and the dissolution of their marriage.

41.     Hilmi advised Lisa that she felt bad about the sexual harassment and mistreatment that Elashker had subjected her to and expressed a desire to protect and to prevent such behavior by him going forward, but in actuality did nothing to stop it.

42.     Elashker thereafter continued to subject Lisa to the above-described harassment and abuse, albeit on a more intermittent basis, over the duration of her employment with HVFP.

Elashker Resumes His Attempts to Coerce Lisa to
Engage in Unwanted Sexual or Romantic Relations

43.     In or about late Spring and early Summer of 2020, Elashker began text messaging Lisa photographs of himself at hotels and restaurants in New York City.

44.     Such photographs included images of him in relaxed and suggestive poses in what appeared to be, and what appeared to be intended by her to be perceived as, luxurious accommodations.

45.     Such photographs included images of him consuming and appearing to savor alcoholic beverages in such locations and accommodations.

46.     He accompanied such photographs with messages stating that, had she "played her cards right," Lisa could have been enjoying such experiences with him.

47.     Elashker's transmission of such images were, both objectively and subjectively, an invitation to the recipient (here, Lisa) to engaged with him in a romantic and/or sexual relationship.

48.     Lisa understood, and as any reasonable person in her position and context would have understood, Elashker's communications to be an invitation to engage with him in a romantic and/or sexual relationship.

49.     Based on the history of her interactions with him, Lisa understood, and any reasonable person in her position and context would have understood, Elashker's communications to represent a harbinger of more frequent and/or outrageous harassment of a sexual character as described in the foregoing paragraphs.

50.     At the time of his communications transmitting the above-described messages and photographs, neither Elashker nor Hilmi had retracted or made any effort to ameliorate Elashker's comments to Lisa making clear that her continued employment with and prospects for advancement with HVFP were contingent on tolerating his unwanted sexual and romantic conduct and overtures.

51.     At the time of Elashker's communications transmitting the above-described messages and photographs, Lisa understood, and as any reasonable person in her position and context would have understood, that her continued employment with and prospects for advancement with HVFP were contingent on tolerating his unwanted sexual and romantic conduct and overtures.

52.     Nevertheless, at the time of Elashker's communications transmitting the above-described messages and photographs, Lisa could not bear to submit to further sexual and romantic conduct and overtures by him in the context of her employment with HVFP.

53.     Accordingly, she in response advised Elashker that she did not wish to interact with him in any context not related to her employment HVFP.

### Defendants Terminate Lisa and Breana's Employment with HVFP

54.     On or about July 15, 2020, Elashker accused Lisa of "not having his back," which she understood, and as any reasonable person in her position and context would have understood, to refer to her having informed him that she did not wish to interact with him in any context not related to her employment HVFP.

55.     In response, Lisa reiterated that going forward, theirs would be a strictly professional relationship and that she would refuse to tolerate any additional sexual or romantic entreaties by him.

56.     On July 15, 2020, Defendants terminated both Plaintiffs' employment with HVFP under the guise of elimination of their positions as a result of the business impact of the COVID-19 pandemic.

57.     Upon information and belief, Plaintiffs' were the only positions so "eliminated."

58.     Upon information and belief, Plaintiffs' job duties were distributed to other employees following the supposed "elimination" of their positions.

### EEOC AUTHORIZATION TO FILE

59.     On August 17, 2021, Plaintiffs each filed charges against HVFP with the Equal Employment Opportunity Commission (EEOC) alleging sex-based harassment, hostile work environment, discrimination, and retaliation in violation of Title VII, based upon the foregoing.

60.     On or about September 16, 2022, EEOC issued Plaintiffs notice of right to sue dated August 12, 2022.

61.     Such Notices were received by Plaintiffs on or after September 16, 2022.

62.     Plaintiffs bring this action within 90 days of their receipt of Notices of Right to Sue.

AS AND FOR A FIRST CAUSE OF ACTION
(Title VII - Sex-Based Hostile Work Environment - Plaintiff Lisa Jacobs)

63.     Plaintiffs repeat and reallege each and every one of the preceding allegations as if fully set forth herein.

64.     By undertaking the foregoing, HVFP subjected plaintiff Lisa Jacobs to a sex-based hostile work environment.

65.     In so acting, HVFP violated Title VII.

66.     HVFP's action comprise an unlawful course of conduct committed over the entirety of plaintiff Lisa Jacobs's employment.

67.     By undertaking the foregoing, HVFP has acted with malice or reckless indifference to plaintiff Lisa Jacobs's federally-protected rights.

68.     As a proximate result of HVFP having subjected plaintiff Lisa Jacobs to a sex-based hostile work environment, she has suffered and continues to suffer substantial losses, including mental anguish and emotional distress in an amount to be proved at trial.

AS AND FOR A SECOND CAUSE OF ACTION
(Title VII - Quid Pro Quo - Plaintiff Lisa Jacobs)

69.     Plaintiffs repeat and reallege each and every one of the preceding allegations as if fully set forth herein.

70.     By undertaking the foregoing, HVFP conditioned plaintiff Lisa Jacobs's employment on and/or her success or advancement of employment on and/or offered her an employment-related benefit in exchange for her acceptance and tolerance of unlawful sexual harassment and abuse violative of Title VII.

71.     In so acting, HVFP violated Title VII.

72.     HVFP's actions comprise an unlawful course of conduct committed over the entirety of plaintiff Lisa Jacobs's employment.

73.     By undertaking the foregoing, HVFP has acted with malice or reckless indifference to plaintiff Lisa Jacobs's federally-protected rights.

74.     As a proximate result of HVFP having conditioned her employment on and/or her success or advancement of employment on and/or offered her an employment-related benefit in exchange for her acceptance and tolerance of unlawful sexual harassment and abuse violative of Title VII, Plaintiff Lisa Jacobs has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>
(Title VII -Discrimination - Plaintiff Lisa Jacobs)

75.     Plaintiffs repeat and reallege each and every one of the preceding allegations as if fully set forth herein.

76.     By undertaking the foregoing, HVFP discriminated against plaintiff Lisa Jacobs by subjecting her to an adverse employment action, including the termination of her employment, on the basis of her sex.

77.     In so acting, HVFP violated Title VII.

78.     By undertaking the foregoing, HVFP has acted with malice or reckless indifference to plaintiff Lisa Jacobs's federally-protected rights.

79.     As a proximate result of HVFP having discriminated against her by subjecting her to an adverse employment action, including the termination of her employment, on the basis of her sex, plaintiff Lisa Jacobs has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

AS AND FOR A FOURTH CAUSE OF ACTION
(Title VII - Retaliation - Plaintiff Lisa Jacobs)

80.     Plaintiffs repeat and reallege each and every one of the preceding allegations as if fully set forth herein.

81.     By undertaking the foregoing, HVFP retaliated against plaintiff Lisa Jacobs by subjecting her to adverse employment actions, including termination of her employment, because she complained about having been subjected to a sex-based hostile work environment and/or objected to Elashker's conduct subjecting her to a sex-based hostile work environment in violation of Title VII.

82.     In so acting, HVFP violated Title VII.

83.     By undertaking the foregoing, HVFP has acted with malice or reckless indifference to plaintiff Lisa Jacobs's federally-protected rights.

84.     As a proximate result of HVFP having retaliated against her because she complained about having been subjected to a sex-based hostile work environment and/or objected to Elashker's conduct subjecting her to a sex-based hostile work environment in violation of Title VII, plaintiff Lisa Jacobs has suffered and continues to suffer substantial losses,

including the loss of past earnings, the loss of future earnings, the loss of other employment

benefits and mental anguish and emotional distress in an amount to be proved at trial.

AS AND FOR A FIFTH CAUSE OF ACTION
(NYSHRL - Sex-Based Hostile Work Environment - Plaintiff Lisa Jacobs)

85.     Plaintiffs repeat and reallege each and every one of the preceding allegations as if

fully set forth herein.

86.     By undertaking the foregoing, HVFP subjected plaintiff Lisa Jacobs to a sex-

based hostile work environment.

87.     In so acting, HVFP violated the NYSHRL.

88.     Such hostile work environment was fostered by Elashker and condoned by Hilmi.

89.     Elashker and Hilmi aided and abetted HVFP's subjecting plaintiff Lisa Jacobs to a

sex-based hostile work environment.

90.     Defendants' actions comprise an unlawful course of conduct committed over the

entirety of plaintiff Lisa Jacobs's employment.

91.     Defendants' actions constitute willful or wanton negligence or recklessness and/or

conscious disregard of Plaintiffs' rights or conduct so reckless as to amount to such disregard.

92.     As a proximate result of HVFP having subjected her to a sex-based hostile work

environment, as aided and abetted by Elashker and Hilmi, plaintiff Lisa Jacobs has suffered and

continues to suffer substantial losses, including mental anguish and emotional distress in an

amount to be proved at trial.

AS AND FOR A SIXTH CAUSE OF ACTION
(NYSHRL - Quid Pro Quo - Plaintiff Lisa Jacobs)

93.     Plaintiffs repeat and reallege each and every one of the preceding allegations as if

fully set forth herein.

94.     By undertaking the foregoing, HVFP conditioned plaintiff Lisa Jacobs's employment on and/or her success or advancement of employment on and/or offered her an employment-related benefit in exchange for her acceptance and tolerance of unlawful sexual harassment and abuse violative of the NYSHRL.

95.     In so acting, HVFP violated the NYSHRL.

96.     Elashker and Hilmi aided and abetted unlawful conduct in violation of the NYSHRL.

97.     Defendants' actions comprise an unlawful course of conduct committed over the entirety of plaintiff Lisa Jacobs's employment.

98.     Defendants' actions constitute willful or wanton negligence or recklessness and/or conscious disregard of Plaintiffs' rights or conduct so reckless as to amount to such disregard.

99.     As a proximate result of HVFP having conditioned her employment on and/or her success or advancement of employment on and/or offered her an employment-related benefit in exchange for her acceptance and tolerance of unlawful sexual harassment and abuse violative of the NYSHRL, as aided and abetted by Elashker and Hilmi, plaintiff Lisa Jacobs has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

AS AND FOR A SEVENTH CAUSE OF ACTION
(NYSHRL - Discrimination - Plaintiff Lisa Jacobs)

100.     Plaintiffs repeat and reallege each and every one of the preceding allegations as if fully set forth herein.

101.    By undertaking the foregoing, HVFP discriminated against plaintiff Lisa Jacobs by subjecting her to an adverse employment action, including the termination of her employment, on the basis of her sex.

102.    In so acting, HVFP violated the NYSHRL.

103.    Elashker and Hilmi aided and abetted HVFP's unlawful discrimination in violation of the NYSHRL.

104.    Defendants' actions constitute willful or wanton negligence or recklessness and/or conscious disregard of Plaintiffs' rights or conduct so reckless as to amount to such disregard.

105.    As a proximate result of HVFP having discriminated against her by subjecting her to an adverse employment action, including the termination of her employment, on the basis of her sex, as aided and abetted by Elashker and Hilmi, plaintiff Lisa Jacobs has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(NYSHRL - Retaliation - Plaintiff Lisa Jacobs)

106.    Plaintiffs repeat and reallege each and every one of the preceding allegations as if fully set forth herein.

107.    By undertaking the foregoing, HVFP retaliated against plaintiff Lisa Jacobs by subjecting her to adverse employment actions, including termination of her employment, because she complained about having been subjected to a sex-based hostile work environment and/or objected to Elashker's conduct subjecting her to a sex-based hostile work environment in violation of the NYSHRL.

108.    In so acting, HVFP violated NYSHRL.

109.    Elashker and Hilmi aided and abetted HVFP's retaliation against plaintiff Lisa Jacobs in violation of the NYSHRL.

110.    Defendants' actions constitute willful or wanton negligence or recklessness and/or conscious disregard of Plaintiffs' rights or conduct so reckless as to amount to such disregard.

111.    As a proximate result of HVFP having retaliated against her because she complained about having been subjected to a sex-based hostile work environment and/or objected to Elashker's conduct subjecting her to a sex-based hostile work environment in violation of NYSHRL, as aided and abetted by Elashker and Hilmi, plaintiff Lisa Jacobs has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

<u>AS AND FOR A NINTH CAUSE OF ACTION</u>
(Title VII - Discrimination - Plaintiff Breanna Jacobs)

112.    Plaintiffs repeat and reallege each and every one of the preceding allegations as if fully set forth herein.

113.    By undertaking the foregoing, HVFP discriminated against plaintiff Breanna Jacobs by subjecting her to an adverse employment action, including the termination of her employment, based on her association with plaintiff Lisa Jacobs.

114.    In so acting, HVFP discriminated against plaintiff Breanna Jacobs on the basis of sex in violation of Title VII.

115.    By undertaking the foregoing, HVFP has acted with malice or reckless indifference to plaintiff Breanna Jacobs's federally-protected rights.

116.    As a proximate result of HVFP having discriminated against her Jacobs by subjecting her to an adverse employment action, including the termination of her employment,

on the basis of her sex, plaintiff Breanna Jacobs has suffered and continues to suffer substantial

losses, including the loss of past earnings, the loss of future earnings, the loss of other

employment benefits and mental anguish and emotional distress in an amount to be proved at

trial.


### AS AND FOR A TENTH CAUSE OF ACTION
(Title VII - Retaliation - Plaintiff Breanna Jacobs)

117.    Plaintiffs repeat and reallege each and every one of the preceding allegations as if

fully set forth herein.

118.    By undertaking the foregoing, HVFP subjected plaintiff Breanna Jacobs to

adverse employment actions, including termination of her employment, because plaintiff Lisa

Jacobs complained about having been subjected to a sex-based hostile work environment and/or

objected to Elashker's conduct subjecting her to a sex-based hostile work environment in

violation of Title VII.

119.    In so acting, HVFP retaliated against plaintiff Breanna Jacobs in violation of Title

VII.

120.    By undertaking the foregoing, HVFP has acted with malice or reckless

indifference to plaintiff Breanna Jacobs's federally-protected rights.

121.    As a proximate result of HVFP having subjected her to adverse employment

actions, including termination of her employment, because plaintiff Lisa Jacobs complained

about having been subjected to a sex-based hostile work environment and/or objected to

Elashker's conduct subjecting her to a sex-based hostile work environment in violation of Title

VII, plaintiff Breanna Jacobs has suffered and continues to suffer substantial losses, including

the loss of past earnings, the loss of future earnings, the loss of other employment benefits and

mental anguish and emotional distress in an amount to be proved at trial.

<u>AS AND FOR AN ELEVENTH CAUSE OF ACTION</u>
(NYSHRL - Discrimination - Plaintiff Breanna Jacobs)

122.    Plaintiffs repeat and reallege each and every one of the preceding allegations as if

fully set forth herein.

123.    By undertaking the foregoing, HVFP discriminated against plaintiff Breanna

Jacobs by subjecting her to an adverse employment action, including the termination of her

employment, because of her association with Plaintiff Lisa Jacobs.

124.    In so acting, HVFP discriminated against plaintiff Breanna Jacobs on the basis of

sex in violation of the NYSHRL.

125.    Elashker and Hilmi aided and abetted HVFP's unlawful discrimination in

violation of the NYSHRL.

126.    Defendants' actions constitute willful or wanton negligence or recklessness and/or

conscious disregard of Plaintiffs' rights or conduct so reckless as to amount to such disregard.

127.    As a proximate result of HVFP having discriminated against her by subjecting her

to an adverse employment action, including the termination of her employment on the basis of

sex, as aided and abetted by Elashker and Hilmi, plaintiff Breanna Jacobs has suffered and

continues to suffer substantial losses, including the loss of past earnings, the loss of future

earnings, the loss of other employment benefits and mental anguish and emotional distress in an

amount to be proved at trial.

<u>AS AND FOR A TWELFTH CAUSE OF ACTION</u>
(NYSHRL - Retaliation - Plaintiff Breanna Jacobs)

128.    Plaintiffs repeat and reallege each and every one of the preceding allegations as if fully set forth herein.

129.    By undertaking the foregoing, HVFP retaliated against plaintiff Breanna Jacobs by subjecting her to adverse employment actions, including termination of her employment, because plaintiff Lisa Jacobs complained about having been subjected to a gender-based hostile work environment and/or objected to Elashker's conduct subjecting her to a gender-based hostile work environment in violation of the NYSHRL.

130.    In so acting, HVFP retaliated against plaintiff Breanna Jacobs on the basis of sex in violation of NYSHRL.

131.    Elashker and Hilmi aided and abetted HVFP's retaliation against plaintiff Breanna Jacobs in violation of the NYSHRL.

132.    Defendants' actions constitute willful or wanton negligence or recklessness and/or conscious disregard of Plaintiffs' rights or conduct so reckless as to amount to such disregard.

133.    As a proximate result of HVFP having retaliated against plaintiff Breanna Jacobs because plaintiff Lisa Jacobs complained about having been subjected to a gender-based hostile work environment and/or objected to Elashker's conduct subjecting her to a sex-based hostile work environment in violation of NYSHRL, as aided and abetted by Defendants Elashker and Hilmi, plaintiff Breanna Jacobs has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

JURY TRIAL DEMAND

134.    Plaintiffs request a jury trial on all issues to which they are so entitled.

WHEREFORE, Plaintiffs request judgment:

i.      Granting them actual damages in an amount to be determined at trial for lost wages and benefits, including an award of front pay;

ii.     Granting them compensatory damages in an amount to be determined at trial for the emotional distress suffered as a direct result of Defendants' discriminatory and retaliatory actions;

iii.    Granting them punitive damages under Title VII of the Civil Rights Act of 1964 against HVFP for its intentional and bad faith violations of the Title VII of the Civil Rights Act of 1964;

iv.     Granting them  punitive damages under the New York State Human Rights Law against Defendants for their willful or wanton negligence or recklessness and/or  conscious disregard of Plaintiffs' rights;

v.      Granting her costs, pre and post judgment interest, and reasonable attorney's fees and costs; and

vi.     Granting her such other and further relief as seems just and proper to the Court.


Dated:  Rhinebeck, New York
           November 10, 2022

Russell G. Wheeler (Bar Roll No. 517881)
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York  12572
Tel - (845) 876-7500
Fax - (845) 876-7501
rwheeler@charnywheeler.com

Attorneys for Plaintiffs Lisa Jacobs and Breanna Jacobs